IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

SAM E. GREEN, PLAINTIFF,

VS. CIVIL ACTION NO. 2:08CV189-P-A

SAYLE OIL COMPANY, DEFENDANT.

## ORDER

This matter comes before the court upon the defendant's motion to dismiss or in the alternative motion for summary judgment [11]. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

With regard to the plaintiff's claim under the Americans with Disabilities Act, it is undisputed that the plaintiff's March 31, 2007 EEOC Charge of Discrimination does not mention an ADA claim or any facts that would support such a claim. An employment discrimination claim that was neither implicitly nor explicitly considered by the EEOC during its investigation of a Charge of Discrimination cannot be said to have met the requirement that employment discrimination claims must exhaust administrative remedies before becoming the basis of a lawsuit. *Thomas v. Texas Dept. of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000); *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). Accordingly, the plaintiff's ADA claim should be dismissed with prejudice.

This leaves the plaintiff's Title VII claim that his discharge for being late was a pretext for racial discrimination since, the plaintiff alleges, two white employees were often late and had not received disciplinary notices nor were they fired. The defendant argues that the plaintiff's Title VII claim fails because he has not demonstrated that his circumstances were "nearly identical" to the two

white employees – as required by *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991) – given that the plaintiff had not only received a final warning for being late prior to his discharge, but he also received a final warning for spilling $1800.00 worth of gas.

Title VII prohibits discrimination based on race. 42 U.S.C. § 2000e-2(a). "Title VII discrimination can be established through either direct or circumstantial evidence" and when a case is based on circumstantial evidence, the court should look to the *McDonnell Douglas* test. *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

"Under this framework, the plaintiff must first create a presumption of discrimination by making out a prima facie case of discrimination." *Laxton*, 333 F.3d at 578. (internal citations omitted). A prima facie case of race discrimination requires proof from the plaintiff that he was (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated. *McDonnell Douglas v. Green*, 411 U.S. 792, 802-05 (1973); *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005).

If the court concludes that the plaintiff can establish a prima facie case of race discrimination, the second stage of the *McDonnell Douglas* requires the defendant to proffer a legitimate, nondiscriminatory reason for the plaintiff's termination. If the employer does so, the presumption of discrimination dissipates. *Laxton*, 333 F.3d at 578. The burden is placed back upon the plaintiff to demonstrate the third stage of the *McDonnell Douglas* test.

The third stage of the *McDonnell Douglas* test requires that "[t]he plaintiff ... bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against h[im] because of h[is] protected status." *Laxton*, 333 F.3d at 578.

(internal citations omitted). In other words, if the plaintiff succeeds in demonstrating a *prima facie* case of discrimination, and if the employer proffers a legitimate, non-discriminatory reason for the adverse employment action, the burden shifts back to the plaintiff to prove that the non-discriminatory reason given by the employer was a pretext, or excuse, for discrimination.

It is undisputed that the plaintiff meets the first three elements of the *prima facie* case – he is a member of a protected class, he was qualified for his position, and he suffered an adverse employment action. The defendant argues that he was not treated differently than those similarly situated in "nearly identical" circumstances because the two white men that the plaintiff alleges were often late but were not disciplined did not also have a final warning regarding an expensive gas spill. The plaintiff, however, disputes this in his response to the defendant's motion to dismiss. First, the plaintiff denies that he was late on the day of his discharge. Second, the plaintiff appears to allege that there were two white men (Allen Coats and Andy, last name unknown) who not only were often late and not disciplined, but they also spilled gas but were not disciplined.

With the argument that the plaintiff's situation was not "nearly identical" to those of the white comparators, the defendant points to matters outside of the Complaint. Accordingly, the defendant's motion to dismiss the plaintiff's race discrimination claim must be evaluated under Rule 56 standards regarding motions for summary judgment.

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor

3

of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*.

Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Discovery has not been completed in this matter, nor has a case management order been entered. Accordingly, the court concludes that it is premature to rule on a motion for summary judgment on the plaintiff's race discrimination claim. The court is also aware that the plaintiff has been representing himself since this case was originally filed on August 20, 2008 and that the defendant's motion to dismiss went unanswered for approximately 7 months until the court ordered the plaintiff to respond. Accordingly, although the defendant's motion for summary judgment on the plaintiff's race discrimination claim will be denied at this time as premature, the plaintiff has thirty days from entry of this order to obtain counsel or to notify the court that he intends to proceed in this matter *pro se*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion to dismiss or in the alternative motion for summary judgment [11] is **GRANTED IN PART AND DENIED IN PART**; specifically,

(2) The motion is granted insofar as the plaintiff's ADA claim is **DISMISSED WITH PREJUDICE**; whereas,

(3) The motion for summary judgment on the plaintiff's race discrimination claim is denied

as premature; and

(4) The plaintiff shall obtain counsel of record or notify the court in writing of his intent to represent himself by October 30, 2009 at which time he or his counsel shall contact the U.S. Magistrate Judge to schedule a case management conference; and

(5) In the event the plaintiff does not notify the court of his intent to proceed *pro se* or of the appearance of counsel, the court may dismiss the plaintiff's action for failure to prosecute.

**SO ORDERED** this the 29th day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE